**WEIGMAN v. BARTLESVILLE OIL & IMPROVEMENT CO. et al.**

No. 28431.    Dec. 6, 1938.

Pennel & Harrison, for plaintiff in error.

B. A. Lewis, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Washington county by W. F. Weigman, hereinafter referred to as plaintiff, against N. F. Frazier, Bartlesville Oil & Improvement Company, and the First National Bank of Bartlesville, hereinafter referred to as defendants, wherein plaintiff sought to cancel an alleged escrow agreement and to recover certain funds previously deposited by him with the defendant bank in pursuance of said agreement. Issues were joined, the cause was tried to the court, and judgment rendered in favor of defendant Frazier and against plaintiff. From said judgment, plaintiff has appealed.

On March 9, 1925, plaintiff, Weigman,

purchased certain property from the defendant company for which he paid $375 in cash and executed to the company three promissory notes in the sum of $375 each, payable in six months, twelve months, and eighteen months from date. On June 27, 1925, defendant Frazier purchased the notes from defendant company. The notes were subsequently lost. The last note matured September 9, 1926. Some dispute arose regarding the ownership of the notes. On March 18, 1927, the parties entered into a written agreement for the purpose of providing a means of paying the notes and of furnishing protection to plaintiff against possible loss arising from the failure of defendants to deliver the notes to him for cancellation. We set out said agreement in full as follows:

### "Escrow Agreement.

"This agreement, made and executed in quadruplicate, on this the 18th day of March, 1927, by and between the Bartlesville Oil & Improvement Company, a corporation of Bartlesville. Oklahoma, party of the first part, N. F. Frazier, Jr., party of the second part, and W. F. Weigman, party of the third part.

"Witnesseth: That whereas, on the 9th day of March, 1925. the said party of the first part sold to the party of the third part, the East 100 feet of Lots Numbered 10 and 11 in, Block Numbered 17 of McDaniel's Addition of the city of Bartlesville, Oklahoma, and the third party executed to the first party three notes of that date, in the amount of $375 each, due as follows: $375 due six months after date: $375 due twelve months after date; $375 due eighteen months after that date, and

"Whereas, The party of the second part claims that he purchased said notes from the first party, and is now the owner of said notes, and the second party further claims that said notes have been lost or destroyed, and that he is unable to produce said notes at this time.

"Now therefore, it is agreed by and between the parties hereto, that the third party will deposit in the First National Bank of Bartlesville, Oklahoma, the sum of $1,215 to cover said three notes above described and interest thereon and that the second party will execute an affidavit, stating that he is the owner of said notes, of whom he acquired the same, the consideration paid to the first party, and that said notes have never been negotiated, endorsed or transferred by him, and that he is the legal owner thereof, and further that he executed a bond to the party of the first part and the party of the third part in the sum of at least $1,500, guaranteeing the said first and third parties against any and all loss or payments which they may sustain by reason of said notes being lost; that said bond and affidavit shall be executed by second party, within ninety days from this date, and the sureties and said bond shall be approved by the First National Bank of Bartlesville, Oklahoma, who shall thereupon pay over said money to the party of the second part,

"It is further agreed that in case the second party does not produce said affidavit and bond as herein provided for, within ninety days, that then and in that event, the party of the first part may execute a bond in the sum of $1,500 to the said party of the third part, at which time the said bank shall pay over said amount in escrow to the party of the first part.

"In witness whereof, the said parties have hereunto set their hands and seals, this the 18th day of March, 1927."

It appears that neither defendant Frazier nor the Bartlesville Oil & Improvement Company, prior to the institution of this suit, had ever executed the bond and affidavit or made claim to the funds deposited in the bank pursuant to the agreement. Defendant company has long since been dissolved and now makes no claim to the funds, it being conceded that defendant Frazier is the owner of the notes. The funds are now on deposit in the bank. This action was instituted on January 15, 1937. Plaintiff seeks the cancellation of the escrow agreement and the return of the sum of $1,215 to him on the theory that "more than a reasonable time has expired within which said defendants might comply with said contract; that the notes referred to in the contract have become and are now null and void for the reason that the statute of limitations has run against said notes."

After the action was instituted, defendant Frazier tendered an affidavit and bond to the bank and made demand for the funds, but the demand was refused on the ground that a suit had been instituted for the recovery of the funds.

At the conclusion of the hearing in the trial court, the court found generally in favor of defendant Frazier, but assessed the costs of the proceeding against him.

As stated by counsel, "this case presents a state of facts which may be described as passing strange." Plaintiff's theory of recovery is that the deposit of funds constituted an escrow deposit, and that title to the funds did not pass to defendants until the performance of the conditions therein outlined, which are "conditions precedent." It is the position of defendants that the only purpose of such agreement was to fur-

nish protection to plaintiff in the payment of the notes; that the agreement has fully served its purpose; that no loss or detriment to plaintiff has resulted from the failure of defendant Frazier to claim the funds; that the failure to claim said funds does not operate to revest title thereto in plaintiff.

We find no necessity for attempting to define the relationship that arose between the parties by virtue of the execution of the agreement. Plaintiff recognizes its present validity by seeking its cancellation and thus invokes the aid of equity. The equities of the parties may best be adjusted by determining the intent of the parties in the execution of the instrument and giving effect to such intent, if possible. Such intent is not obscure. It is quite evident that plaintiff desired to pay the notes involved in order to have clear and secure title to the property for which they constituted a part of the purchase price, and at the same time protection against possible loss in the event such notes were later presented for payment by one who claimed to be an innocent holder for value. There is no doubt that the parties treated the deposit of funds in the bank as payment of the notes. The contract provides no contingency upon which the funds were to be returned to plaintiff. Prior to the filing of the affidavit and bond by defendants, the deposit in the bank operated to furnish full protection to plaintiff in the event the notes had been transferred to another party who should attempt to force collection from plaintiff. After compliance with the terms of the contract, such protection was to be afforded by the bond. There is manifested a well-defined intent that the transaction should be closed, so far as plaintiff was concerned, when the deposit was made in the bank according to the terms of the contract. The statute of limitations, which plaintiff attempts to invoke as a weapon of offense, is therefore not available to him. He cannot now object to the collection of the notes, for, so far as he is concerned, the notes have long since been collected. Such plea is not invoked by the defendant bank. In its answer said defendant disclaims any interest in the fund and offers to pay the same into court or to hold the same subject to the order of the court. It therefore appears that, notwithstanding the terms of the contract, defendant Frazier is not now precluded from claiming delivery of the funds to him by filing the proper affidavit and bond. The trial court so found, and such finding is not against the clear weight of the evidence.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, HURST, and DAVISON, JJ., concur. DANNER, J., absent.